IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EGRSCO, LLC, et al., | : |
| Plaintiffs, | : |
| | : Case No. 2:09-CV-358 |
| v. | : |
| | : JUDGE ALGENON L. MARBLEY |
| EVANS GARMENT RESTORATION, LLC | : |
| | : Magistrate Judge King |
| Defendant | : |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter comes before the Court on Defendant Evans Garment Restoration LLC's Motion to Dismiss pursuant to 28 U.S.C. § 1406(a) and Fed. R. Civ. Pro. 12(b)(3) or, in the alternative to Transfer Venue to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1404(a). Plaintiffs EGRSCO's and James T. Thomson's Motion for Leave to File Surreply is also before the Court.

For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion for Leave to File Surreply. The Court also **DENIES** Defendant's Motion to Dismiss, but **GRANTS** Defendant's Motion to Transfer Venue to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1404(a).

**II. BACKGROUND**

On May 5, 2006, the parties entered into a Franchise Agreement. Pursuant to the Franchise Agreement, the Plaintiffs would operate a clothing and soft goods restoration plant

using the Defendant's technology and business materials. The issues in this case concern the forum selection clause of the Franchise Agreement, which states in pertinent part:

> [Plaintiffs] agree that all actions arising under this Agreement, or otherwise, as a result of the relationship between [Plaintiffs] and [Defendant] shall be commenced in the state or federal court of general jurisdiction, closest to where [Defendant's] principal business address is then located, and [Plaintiffs] irrevocably submit to the jurisdiction of such courts and waive any objection [Plaintiffs] may have to either the jurisdiction of or venue in such courts. Notwithstanding the foregoing, [Plaintiffs] agree that [Defendant] may enforce this Agreement in the courts of the state or states in which [Plaintiffs] are domiciled or the Franchised Business is located.

In 2009, faced with declining business and operating at a loss, the Plaintiffs suspended the operation of their franchise. At that time, the Plaintiffs also filed suit against the Defendants on a number of theories, including: claims under the Ohio and Kentucky Business Opportunity Plans Acts, the Ohio Deceptive Trade Practices Act, and a number of common law contract and tort theories.

The Defendant moves to dismiss the action, or in the alternative for transfer to the United States District Court for the Central District of Illinois. The Defendant argues that venue for this action is controlled by the forum selection clause and requests this Court enforce that clause through dismissal or transfer. The Plaintiffs contend that venue in this Court is proper under 28 U.S.C. § 1391 and that transfer is not in the interests of justice.

After the Plaintiffs' filed their Memorandum in Opposition and the Defendant filed its Reply, the Plaintiffs filed a Motion for Leave to File Surreply on the grounds that the Defendant's Reply unfairly introduced new case law supporting dismissal.

## III. STANDARD OF REVIEW

The Defendant brings its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3). Rule 12(b)(3) states that "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . improper venue." A motion to dismiss for improper venue pursuant to 12(b)(3) will only be granted if the case was not filed in a venue prescribed by 28 U.S.C. § 1391 *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 536 (6th Cir. 2002).

The Defendant brings its Motion to Transfer pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1]

In ruling on a Section 1404(a) motion, the Court need not limit itself to the three statutory factors. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Rather, the Court should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Id.* at 879 (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction and Related Matters*, § 3847 (2d ed. 1986)).

While there are no set factors that the Court must examine, courts have generally examined a host of private and public factors protected by the language of Section 1404(a):

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose

---

[1] In the briefs, the parties do not contend that this action could not be brought in the United States District Court for the Central District of Illinois.

3

elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses---but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80 (internal citations omitted).

## IV. LAW AND ANALYSIS

### A. Motion for Leave to File Surreply

The Local Rules for the United States District Court for the Southern District of Ohio permit surreplies only "upon leave of court for good cause shown." S. D. Ohio Civ. R. 7.2(a)(2). Plaintiffs seek leave to file a surreply based on their contention that they were "unfairly surprised" by Defendant's citation, in its Reply Memorandum, to cases from within the Sixth Circuit that enforced forum selection clauses via dismissal. Defendant's citation to those cases, however, was hardly "unfair," and should not have been a surprise, because it was in direct response to Plaintiffs' argument, in their Memorandum in Opposition, that the enforcement of the forum selection clause via a motion to dismiss is improper.

Defendant initially raised, in its Motion to Dismiss or Transfer, the issue of whether Plaintiffs' claims should be dismissed based on the forum selection clause. (*See* Motion to Dismiss or Transfer pp. 4-8.) In their response, Plaintiffs argued, citing *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988) and *Kerobo*, 285 F.3d 531, that "[a]n action cannot be

dismissed pursuant to Rule 12(b)(3) and Section 1406(a) for improper venue, despite a forum selection clause, when venue is otherwise proper under Section 1391." (Mem. Opp. at 4).

In its Reply Memorandum, Defendant responded to Plaintiffs' argument by arguing that *Stewart* and *Kerobo* were not as broad as Plaintiffs suggested. To support that point, Defendant cited three post-*Kerobo* cases from courts within the Sixth Circuit which granted dismissal on the
basis of a forum selection clause. (*See* Reply Memorandum at 7-9). In two of the cases, the courts specifically distinguished *Kerobo, Painting Co. v. Weis Builders, Inc.*, No. 2:08-CV-475, 2009 WL 150674 (S.D. Ohio Jan. 21, 2009) and *Navickas v. Aircenter, Inc.*, No. 1:02-CV-363, 2003 WL 21212747 (E.D. Tenn. April 10, 2003). Thus, far from being "previously withheld case law," as Plaintiffs suggest (Plaintiffs' Motion for Leave p. 1), Defendant cited this case law solely to respond to Plaintiffs' claim that *Kerobo* bars dismissal in *all* cases.

In short, Defendant used its Reply Memorandum to do precisely what the rules contemplate: to make arguments and cite case law in direct response to Plaintiffs' arguments in their Memorandum in Opposition. Rule 7.2(a)(2) allows for additional memorandum only upon a finding of good cause. There is simply no good cause here for the filing of Plaintiffs' Surreply. Furthermore, the Plaintiffs' Motion for Leave argued exclusively for the presentation of arguments regarding dismissal. Because the Court has determined that Defendant's Motion to Dismiss should be denied on the basis of the Motion to Dismiss, Memorandum in Opposition, and Reply alone, there is no good cause for the Plaintiffs' proposed surreply. Accordingly, the Plaintiffs' Motion for Leave to File is **DENIED.**

**B. Motion to Dismiss**

A motion to dismiss for improper venue pursuant to 12(b)(3) must generally be denied if the case was filed in a venue prescribed by 28 U.S.C. § 1391, as 12(b)(3) motions are only a means to challenge venue if it was improper. *See Kerobo*, 285 F.3d at 536.[2] This case was filed in this Court on the basis of diversity jurisdiction. In a diversity action, venue is proper in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ." 28 U.S.C. § 1391(a). The Plaintiffs have alleged that a substantial part of the events giving rise to their claims occurred in the Southern District of Ohio. Therefore, because this case was filed in a venue prescribed by Section 1391, Defendant's Motion to Dismiss is **DENIED**.

Because venue was proper, 28 U.S.C. § 1404(a), which provides for a motion to transfer venue, governs the parties' venue dispute. *Kerobo*, 285 F.3d at 537. Therefore, this Court must determine the effect of the forum selection clause on the Section 1404(a) motion. *Id.* at 538.

---

[2]The Defendant cites two cases in its Reply, *Weis Builders*, 2009 WL 150674 and *Navickas*, 2003 WL 21212747, for support that a motion to dismiss was proper in this case. In *Weis Builders*, 2009 WL 150674, the Court found that *Kerobo* was distinguishable on the facts because it involved a removed case before the court under authority of Section 1441(a), whereas *Weis Builders* was filed directly in federal court. *Id.* at *5. In addition, *Weis Builders* was distinguishable because the forum selection clause mandated all actions be filed in state court. *Id*. The court found, therefore, that a ruling on the basis of Defendants' 12(b)(3) motion was both authorized and appropriate. *Id.* In *Navickas*, 2003 WL 21212747, the court also found *Kerobo* was distinguishable on the facts because, in part, 28 U.S.C. § 1404(a) was applied to the dispute in *Kerobo*, whereas it was not applicable in *Navickas* because the defendant sought to transfer a case originally filed in federal court to state court. *Id.* at *2. Both *Weis Builders* and *Navickas* are distinguishable from the case sub judice because in both cases, the court could not and did not consider transfer pursuant to Section 1404(a) because a federal court cannot transfer a case to state court. Therefore, this Court finds *Kerobo* to be controlling in the case sub judice.

## A. Motion to Transfer

### 1. Validity of the Forum Selection Clause

In requesting that this Court transfer this case to the Central District of Illinois, the Defendant relies upon the forum selection clause in the Franchise Agreement. Federal law governs a venue dispute based on a forum selection clause. *Stewart*, 487 U.S. at 28. Forum selection clauses are *prima facie* valid absent a showing that they are unreasonable, unjust, or invalid for such reasons as fraud or overreaching. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1136 (6th Cir. 1991).

The Plaintiffs argue that the forum selection clause is unenforceable for three reasons: (1) because it is permissive; (2) because the Franchise Agreement was the product of fraud; and (3) because enforcing the forum selection clause would contravene the public policy of the State of Ohio. The Court does not find any of those arguments convincing.

The Plaintiffs first contend that the last sentence of the forum selection clause, which permits the *Defendant* to file suit to enforce the Franchise Agreement in the Plaintiffs' home state, means that the clause is not exclusive or mandatory. This argument asks the Court to interpret the clause to apply equally to both parties. The Sixth Circuit, however, rejected that argument in *Gen. Elec. Co. v. Siempelkamp GmbH & Co.*, 29 F.3d 1095 (6th Cir. 1994). *Siempelkamp* involved a forum selection clause that stated, "[the p]lace of jurisdiction for all disputes arising in connection with the contract shall be at the principal place of business of the supplier . . . The supplier is also entitled to file a suit at the principal place of business of the purchaser." *Id.* at 1099. The Court held that the clause was mandatory because it stated that "all" disputes "shall" be in the specified forum. *Id.* The second sentence, permitting

Siempelkamp to file suit in another jurisdiction, did not negate the mandatory effect of the sentence requiring all other suits to be filed in Germany. *Id.*[3]

The forum selection clause in this case is even more clear than the one in *Siepelkamp*. It first states that "all disputes . . . shall be commenced" in the specified jurisdiction. The second sentence makes an explicit exception ("[n]otwithstanding the foregoing") for suits brought by the Defendant to enforce the agreement against the Plaintiffs. The effect of the clause is to require the Plaintiffs to file suit in the Defendant's state of operation, but to allow the Defendant to sue the Plaintiffs in their home state. This exception does not make the forum selection clause permissive or render it vague or unreasonable.

Second, the Plaintiffs contend that the forum selection clause is invalid as a product of fraud. Plaintiffs' argument is unsupported, except by general reference to the factual allegations underlying their fraud and fraud in the inducement claims. A general allegation of fraud in making the agreement is insufficient to invalidate a forum selection clause in that agreement; the forum selection clause itself must be a product of fraud. *Moses*, 929 F.2d at 1138 (finding there must be "a showing that the alleged fraud or misrepresentation induced the party opposing a forum selection clause to *agree to the inclusion of that clause* in the contract"). Because the Plaintiffs have not alleged that the forum selection clause, as distinct from the entire Franchise Agreement, was the product of fraud, the forum selection clause is not invalid.

Finally, the Plaintiffs argue that enforcing the forum selection clause would unjustly contravene the strong public policy of the State of Ohio as embodied by the Ohio Business

---

[3] In fact, other courts applying *Siempelkamp* have held that the "permissive" language in the second sentence actually emphasizes the mandatory effect of the choice of exclusive forum in the first sentence. *E.g.*, *K & V Scientific Co. v. BMW*, 314 F.3d 494, 500 (10th Cir. 2002).

Opportunities Plans Act ("BOPA"), Ohio Rev. Code Ann. § 1334.01 *et seq.* The Plaintiffs argue that Ohio's BOPA invalidates any waiver of the franchise purchaser's rights under the BOPA, including the right to be heard in an Ohio court.

It is true that the Ohio BOPA contains a provision invalidating the waiver of franchise purchasers' rights under the BOPA. Ohio Rev. Code Ann. §1334.15. Section 1334.10, however, which the Plaintiffs contend establishes a right to litigate in an Ohio court, does not establish Ohio courts as the only courts able to apply the Ohio BOPA. The statute simply states that "[t]he courts of common pleas, and the municipal or county courts . . . have jurisdiction over any seller or broker with respect to any act or practice covered by [BOPA]." Ohio Rev. Code Ann. §1334.10. Conferring jurisdiction and designating an exclusive forum for adjudicating disputes are two very different concepts. That simple grant of jurisdiction does not provide an exclusive right to bring suit in an Ohio state court.

2. Balancing the Private and Public Factors for Transfer

A forum selection clause should not receive dispositive weight, but is entitled to substantial consideration in a Section 1404(a) balancing test. *Jumara*, 55 F.3d at 880; *Stewart*, 487 U.S. at 29. The Court is required to "engage in a case-specific balancing pursuant to the standards set forth in 28 U.S.C. § 1404(a) to determine whether to give the [forum selection] clause effect by transferring the case to another district court embracing the contractually specified forum." *Jumara,* 55 F.3d at 878. While courts normally defer to a plaintiff's choice of forum, when a valid forum selection clause exists, the burden shifts to the plaintiff to demonstrate why he should not be bound by his contractual choice of forum. *Id.* at 880; *see also Detroit Coke v. NKK Chem. USA, Inc.,* 794 F. Supp. 214, 220 (E.D. Mich. 1992) ("[W]hen a

9

motion under section 1404(a) seeks to enforce a valid, reasonable choice of forum clause, the opponent bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute.") (citations omitted).

The first two private factors the Court must consider under Section 1404(a) are the "plaintiff's forum preference as manifested in the original choice" and the "defendant's preference." *Jumara*, 55 F.3d at 879. As is evident from the motion and response, the Defendant wants this case to be litigated in the Central District of Illinois and the Plaintiffs want this case to be litigated in this Court. While the Plaintiffs now argue that they prefer this forum, the Southern District of Ohio was not their first choice. A "forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum." *Id.* at 880; *see also Smith v. Kyphon, Inc.*, 578 F.Supp.2d 954, 962 (M.D. Tenn. 2008) (finding that generally, where the parties have previously expressed an agreement as to the preferred forum, the plaintiff's choice of forum in filing suit is given little or no weight"). Thus, the Plaintiffs' first choice of forum was the Central District of Illinois. Since the Plaintiffs originally chose the Central District of Illinois as their preferred forum and the Defendant prefers this forum, these first two private factors weigh in favor of transfer to that court.

The third private factor to consider is where the claim arose. *Jumara*, 55 F.3d at 879. This factor is complicated by the interstate aspects of the negotiation and business relationship between the parties. The most pertinent factual allegations, however, assert that the actionable conduct took place in Ohio. For example, the Plaintiffs claim that: the Defendants sent fraudulent or misrepresentative statements to the Plaintiffs' Ohio addresses; the Defendants

competed with the Plaintiffs' franchise in Ohio; and all of the Plaintiffs' damages have occurred in Ohio. Therefore, this factor weighs against transfer.

The fourth private factor to consider is the convenience of the parties. *Jumara*, 55 F.3d at 879. As they are Ohio residents, the Plaintiffs would find this Court a more convenient venue. On the other hand, the Defendant's principal place of business is in Illinois, so that venue is more convenient for the Defendant. One of the parties will be inconvenienced by the forum whatever the result. Nevertheless, "a forum selection clause is treated as a manifestation of the parties' preference as to a convenient forum." *Jumara*, 55 F.3d at 880, *quoted by Tieman v. Victaulic Co.*, No. 06-CV-1036, 2007 WL 397054, at *4 (S.D. Ohio Jan. 31, 2007). The Defendant's inclusion of a forum selection clause in its Franchise Agreements evidences its strong interest in litigation in Illinois. The goal of reducing litigation time and costs through a forum selection clause has been applauded by the courts. *See, e.g.*, *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 593–94 (1991) (holding that a corporation which placed a forum-selection clause in form contracts had a special interest in limiting the fora in which it may be sued and that this forum-selection clause "had the salutary effect of dispelling confusion as to where suits may be brought and defended, thereby sparing litigants time and expense and conserving judicial resources."). Thus, this factor weighs in favor of transfer.

The fifth private factor to consider is the convenience of any witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora. *Jumara*, 55 F.3d at 879. The Defendant identified several witnesses that would find it inconvenient to travel to this Court, but three of the four witnesses are the Defendant's employees. As such, their convenience is not a consideration. *See Smith*, 578 F. Supp. 2d at 962 (finding the convenience

11

of non-party witnesses, as opposed to employee witnesses, is what is important). For their part, the Plaintiffs have identified a long list of potential witnesses. Nevertheless, the bulk of those witnesses are employees of one party or the other. The Plaintiffs have not identified which of those witnesses are "essential non-party witnesses" which is what is relevant, as opposed to non-essential witnesses. *See Smith*, 578 F.Supp.2d at 962.

> [T]he convenience of the witnesses factor should not devolve into a contest between the parties as to which of them can present a longer list of possible witnesses located in the respective districts; the party . . . must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover.

*Id.* Some of the Plaintiffs truly third-party witnesses, including the representative of State Farm and other Ohio restoration contractors, might be inconvenienced by transfer to Illinois, but the Plaintiffs have advanced no reason other than distance which would cause such inconvenience, have not asserted they would actually be unavailable for trial in Illinois, and have not asserted they are essential witnesses. Therefore, this factor weighs neither for nor against transfer.[4]

The final private factor to consider is the location of any business records that may be introduced at trial—but only to the extent that the files could not be produced in the alternative forum. *Jumara*, 55 F.3d at 879. This factor does not weigh in either direction. All parties and non-party witnesses might have relevant documents and those documents are located in several

---

[4]Where potential witnesses are located in various states, one venue is not necessarily preferable to another. . . . Due to the valid forum selection clause, the burden rests with Plaintiffs to persuade the Court that transfer would not be appropriate. The convenience of the parties and witnesses does little to aid Plaintiffs' attempts to carry their burden.

*Braman v. Quizno's Franchise Co., LLC*, No. 5:07CV2001, 2008 WL 611607, at *5 (N.D. Ohio Feb. 20, 2008) (internal citations omitted).

states. Furthermore, even if these documents are located in Ohio, they may be easily duplicated and used in the Central District of Illinois. *See Braman*, 2008 WL 611607 at *6 (finding that because the documents could be duplicated and used in either court, the plaintiff had not carried their burden of overcoming the valid forum selection clause).

The first three public factors (the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; and the relative administrative difficulty in the two fora resulting from court congestion) are neutral. The judgement will be equally enforceable by either court, the parties have not brought any facts to light to show why trial would be more efficient in one forum or the other, and the Court is aware of no difficulties relating to unusual court congestion in either forum. The fifth public factor, the public policies of the two fora, is also neutral because neither party cites a compelling public policy that one court or the other is more capable of supporting.

The fourth public factor, the local interest in deciding local controversies at home, weighs against transfer because a substantial part of the events giving rise to the Plaintiffs' claims occurred in this judicial district in Ohio. In addition, the franchise territory was located in Ohio and the Plaintiffs are Ohio residents.

The final public factor is the familiarity of the court with applicable state law. The Franchise Agreement contains a choice of law provision selecting Illinois law as the state law to apply in all disputes between the parties. The United States District Court for the Central District of Illinois will have more familiarity with Illinois law than does this Court, so the final factor weighs in favor of transfer.

On the whole, for the Section 1404(a) balancing test private factors, three weigh in favor of transfer, one weighs against transfer, and one is neutral. For the public factors, one weighs in favor of transfer, one weighs against transfer, and four are neutral. Because this Court found that the forum selection clause in the Franchise Agreement was reasonable, it is entitled to substantial consideration in the Section 1404(a) balancing test, and it was the Plaintiffs' burden to demonstrate why they should not be bound by their choice of forum. *See Jumara*, 55 F.3d at 880. The Court finds that the Plaintiffs failed to satisfy their burden of proving that the Central District of Illinois is so inconvenient that they should not be bound by their contractual choice of forum. Therefore this Court **GRANTS** the Defendant's Motion to Transfer pursuant to 28 U.S.C. § 1404(a).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Surreply is **DENIED**, Defendant's Motion to Dismiss is **DENIED**, and Defendant's Motion to Transfer Venue to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1404(a) is **GRANTED.**

The Clerk shall transfer this case to the United States District Court for the Central District of Illinois and mark it as CLOSED on this docket.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: October 8, 2009**